IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-03040-RBJ

HUGO CERVANTES ARREDONDO,

      Petitioner,

v.

JUAN BALTAZAR, ROBERT GUARDIAN,
KRISTI NOEM, TODO LYONS,
PAMELA BONDI,
in their official capacities,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner/plaintiff Hugo Cervantes Arredondo's (petitioner or Mr. Cervantes Arredondo) application for a writ of habeas corpus and motion for a temporary restraining order (TRO) and preliminary injunction. ECF No. 1; ECF No. 8. Mr. Cervantes Arredondo, a noncitizen who entered the United States without inspection and has never applied for admission or parole, claims that he is being illegally detained by respondents/defendants (respondents) under 8 U.S.C. § 1225(b)(2)(A) at an U.S. Immigration and Customs Enforcement (ICE) detention facility in Aurora, Colorado. He claims that his detention is instead governed by 8 U.S.C. § 1226(a).

1

In his habeas petition and TRO motion, Mr. Cervantes Arredondo seeks his immediate release, or, alternatively, a bond hearing within seven days where the government would bear the burden of proof to justify his continued detention by clear and convincing evidence.[1]  *See* ECF No. 1 at ¶¶ 9, 94; ECF No. 8 at 4-5. Respondents oppose this relief in its entirety.  *See* ECF No. 17.

Because the briefing demonstrates that petitioner's challenge is fundamentally legal in nature, it is unnecessary for the Court to hold a hearing in order to decide his challenge.  *See* 28 U.S.C. § 2243.

## I.   BACKGROUND[2]

Mr. Cervantes Arredondo has lived in the United States for 28 years, the last 13 of those in Colorado.  ECF No. 1 at ¶¶ 18, 24; ECF No. 8 at 2-3.  He lives with his partner and her elderly father, both United States citizens with significant health issues.  *Id.*  Mr. Cervantes Arredondo works as an independent carpenter, helps manage the household, and provides care for his partner and her father.  *Id.*

Mr. Cervantes Arredondo has pending state charges for "drug possession and possession of drug paraphernalia" stemming from a November 2024 arrest.  ECF

---

[1] Mr. Cervantes Arredondo separately requested that the Court enjoin respondents from transferring him out of the jurisdiction of this district during the pendency of these proceedings, which this Court has already granted.  ECF No. 8 at 5; ECF No. 11.

[2] The facts in this section are drawn from Mr. Cervantes' habeas petition and motion for a TRO (ECF No. 1 and ECF No. 8), respondents' opposition papers (ECF No. 17), and the attached documents.  The Court assumes the truth of these facts only for the purpose of issuing this Order.

No. 17 at 6; *see also* ECF No. 8-1 at ¶ 15. Furthermore, Mr. Cervantes Arredondo has a conviction arising from a separate arrest to one count of unlawful use of a controlled substance under Colo. Rev. Stat. § 18-18-404(1), a misdemeanor, and served two weeks in jail for this offense. ECF No. 17 at 9; ECF No. 8 at 3. To the Court's knowledge, this is Mr. Cervantes Arredondo's only criminal conviction.

On June 26, 2025, Mr. Cervantes Arredondo was arrested and detained by ICE following his release from local custody (related to his aforementioned conviction) and placed in removal proceedings under 8 U.S.C. § 1229a. ECF No. 17 at 7. He was charged with being inadmissible "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated" under § 1182(a)(6)(A)(i).[3] *Id.* Initially, ICE detained Mr. Cervantes Arredondo under § 1226. *Id.* However, sometime thereafter, ICE "cancelled [his] detention under § 1226," and claimed that his detention is authorized under § 1225(b) instead. *Id.*

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of

---

[3] Petitioner has admitted this charge but is seeking relief from removal. *See* ECF No. 17 at 7. His final merits hearing is scheduled for November 4, 2025. *Id.*

3

proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.   ANALYSIS

**1. Mr. Cervantes Arredondo is wrongfully detained under § 1225(b)(2)(A).**

The Immigration and Nationality Act (INA) contains two provisions that govern detention for noncitizens who are placed in removal proceedings but do not yet have a final order of removal, 8 U.S.C. §§ 1225(b) and 1226(a)-(c).

Mr. Cervantes Arredondo asserts that as an individual who entered the United States without inspection many years ago and has never applied for admission, his detention is governed by the "default discretionary bond procedures" of § 1226(a). ECF No. 1 at ¶ 56; ECF No. 8 at 6. He argues that the plain language and statutory structure of these provisions, as well as the legislative history and decades of agency practice, compel this conclusion. ECF No. 1 at ¶¶ 55-68; ECF No. 8 at 6-11.

Respondents contend that Mr. Cervantes Arredondo is properly detained under the mandatory provisions of § 1225(b)(2)(A). ECF No. 17. They concede that "numerous nonprecedential decisions" have found that this section does *not* apply to noncitizens like petitioner who have long lived inside the United States without ever being admitted or seeking admission.[4] *Id.* at 2. Nevertheless, they

---

[4] This is actually a substantial understatement. Of the dozens of district courts across the country to consider this issue, the overwhelming majority have found in favor of Mr. Cervantes Arredondo's interpretation of §§ 1225(b)(2)(A) and 1226(a). *See, e.g.*, ECF No. 1 at ¶¶ 52-53

argue that Mr. Cervantes Arredondo is, as a matter of law, "an applicant for admission" who is "seeking admission," and thus, must be detained pending removal. *Id.* at 2-3, 10 (quoting from § 1225(b)(2)(A)). Respondents likewise rely on the text and structure of the INA and the legislative history—and argue that the longstanding agency practice of providing bond hearings to petitioners like Mr. Cervantes Arredondo was "an exercise of administrative discretion," and in any event, does not overcome the statute's plain language. *Id.* at 10-18, 18.

This issue and these arguments are now familiar territory. Since ICE began detaining noncitizens similarly situated to petitioner under § 1225(b)(2)(A) rather than § 1226 earlier this year, every district court in this Circuit to consider this issue has found that § 1225(b)(2)(A) does not apply. *See Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Salazar v. Dedos*, No. 25-cv-00835-DHU-JMR, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Mendoza v. Gutierrez*, No. 25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG (D. Colo. Oct. 20, 2025) (ECF No. 21); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

---

(collecting cases). To date, neither the United States Supreme Court nor any Court of Appeals has squarely taken up this issue.

5

The arguments raised in this case are no different.[5]  This Court has reviewed the careful analysis in these decisions, especially, in *Mendoza Gutierrez*, *Loa Caballero*, *Garcia Cortes*, and *Nava Hernandez*, and finds them compelling.  In particular, the Court agrees that the plain language of § 1225 reflects that, in order to fall under this provision, a noncitizen must be, at the time removal proceedings are initiated: (1) "an applicant for admission"; (2) "seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted," and that the first and second criteria are not identical.  *See Garcia Cortes*, 2025 WL 2652880, at *3 ("The categories 'applicants for admission' and 'seeking admission' are not conterminous") (internal citations omitted); *see also Loa Caballero*, 2025 WL 2977650, at *6.  Furthermore, "the phrase 'seeking admission,' otherwise undefined in the statute, necessarily requires some sort of present-tense action." *Garcia Cortes*, 2025 WL 2652880 at *3 (internal citations omitted).

Therefore, this section does not apply to individuals who, like petitioner, entered the country without inspection, have lived here for more than two years, and are not, at the initiation of removal proceedings, "seeking admission."  This interpretation is further supported by the Supreme Court's characterization of the

---

[5] However, in contrast to a number of these cases, respondents do not contest the Court's jurisdiction to hear Mr. Cervantes Arredondo's habeas petition or to order the relief he seeks. *See c.f.*, *Gutierrez Mendoza*, 2025 WL 2962908, at *2-3, *Garcia Cortes*, 2025 WL 2652880, at *1-2, *Loa Caballero*, 2025 WL 2977650, at *2-4.

6

relevant provisions in *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). *See id.* ("In sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)") (emphasis added).

Respondents attempt to distinguish just one of the aforementioned cases from this District, arguing that the petitioner in *Garcia Cortes* was differently situated than Mr. Cervantes Arredondo because he was initially admitted to the United States on a visitor's visa. *See* ECF No. 17 at 13. However, the court's decision in that case did not turn on the petitioner's prior admission. Rather, the court focused on this fact to explain why, at the time of his removal proceedings, the petitioner was not "seeking admission." *Garcia Cortes*, 2025 WL 2652880, at *3. This does not mean, as respondents suggest, that individuals who have never been admitted are therefore, as a matter of law, "seeking admission," and properly detained under § 1225(b). Indeed, the same court, in *Nava Hernandez*, rejected this conclusion for a petitioner who, like Mr. Cervantes Arredondo, "entered the United States without inspection and continued living here" and never sought admission. 2025 WL 2996643, at *4, *4-7. Respondents otherwise make no attempt to grapple with or distinguish the decisions by courts in this District (or any other) other than to observe that those decisions are nonbinding. ECF No. 17 at 2.

7

As another court in this District has recently done, this Court "finds the prior decisions from this District noted above entirely persuasive and adopts their analysis." *Moya Pineda*, No. 25-cv-02955-GPG, ECF No. 21 at 3. Accordingly, Mr. Cervantes Arredondo detention under § 1225(b)(2)(A) violates the law.

2. **Respondents must provide Mr. Cervantes Arredondo a bond hearing at which the government bears the burden of proof.**

Because Mr. Cervantes Arredondo's detention is governed by § 1226(a), he is entitled to a bond hearing before an immigration judge.[6] *See* 8 C.F.R. §§ 100.19(a), 1236.1(d). The next question is which party is to bear the burden of proof at that hearing and what that burden is.

Normally, at a bond hearing authorized under § 1226(a), the noncitizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *See* C.F.R. § 236.1(c)(8); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Accordingly, respondents argue that the Court should place the burden on Mr. Cervantes Arredondo here. *See* ECF No. 19 at 20-22. Petitioners argue that, under these circumstances, where Mr. Cervantes Arredondo has suffered "a due process

---

[6] Respondent's initially claimed that Mr. Cervantes Arredondo's conviction to Col. Rev. Stat. § 18-18-404(1) separately required his mandatory detention under § 1226(c)(1)(A). *See* ECF No. 17 at 1-2, 9. However, respondent has since withdrawn this argument. *See* ECF No. 20. In any event, the Court agrees with petitioner that, under the categorical approach, his crime of conviction is not "relate[d] to a controlled substance" under the federal schedule, relying upon the analysis of a similar Colorado drug offense in *Johnson v, Barr*, 967 F.3d 110, 1106 (10th Cir. 2020). *See* ECF No. 19 at 1-3.

violation stemming from prolonged detention," the government should bear the burden of proof by clear and convincing evidence.  *See* ECF No. 1 at ¶¶ 69-70.

Here, again, the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context.  *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *5 (citing *L.G. v. Choate*, 744 F.Supp.3d 1172, 1185 (D. Colo. 2024)); *Loa Caballero*, 2025 WL 2977650, at *9; *Mendoza Gutierrez*, 2025 WL 2962908, at *10; *see also Salazar*, 2025 WL 2676729, at *6.  Mr. Cervantes Arredondo has now been mandatorily detained under the wrong statute for over four months, depriving him of a core liberty interest.  Furthermore, as a result, his family is suffering "severe economic and personal hardship," as he is unable to provide the financial, emotional, and other support they depend on.  ECF No. 8 at 13.  Under these circumstances, the government ought to bear the burden of proving that he poses a danger to the community or a risk of flight such that he should remain in detention.

Furthermore, the clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well.  *See L.G.*, 744 F.Supp.3d at 1186 (citing *United States v. Salerno*, 481 U.S. 739, 751 (1987) and *Addington v. Texas*, 441 U.S. 418, 433 (2024)).

Finally, unless petitioner agrees, his final merits hearing should not take place prior to his bond hearing.  Mr. Cervantes Arredondo should not be placed at a

9

disadvantage in his bond hearing (or merits hearing) because the government wrongfully detained him under § 1225(b)(2)(A) for several months.[7][8]

## IV.   CONCLUSION

For the foregoing reasons, petitioner's application for a writ of habeas corpus (ECF No. 1), is hereby GRANTED IN PART, to the extent that the Court rules that his detention is governed by § 1226(a), and that, within seven (7) days of this ORDER, respondents must provide him with a bond hearing under that section. At that bond hearing, the government bears the burden of proving by clear and convincing evidence that if petitioner is released, he poses a danger to the community or a risk of flight. Furthermore, unless petitioner expresses a contrary

---

[7] Because the relief Mr. Cervantes Arredondo seeks in his motion for a TRO is identical to the relief sought in—and granted under—his habeas petition, that motion is respectfully denied as moot. *See Caballero Loa v. Baltazar*, 2025 WL 2977650, at *9. However, if the Court were to analyze the TRO factors (the movant is likely to succeed on the merits; the movant will suffer irreparable harm absent the requested relief; the threatened injury outweighs any harm that the order/injunction may cause the opposing party; and the order/injunction will not adversely affect the public interest), it would find that Mr. Cervantes Arredondo has satisfied them. *See id.* at n 7. For the reasons articulated in this Order, he is likely to succeed on the merits. His ongoing mandatory detention constitutes irreparable harm. Under the merged third and fourth factors, the government is not harmed by, and the public has an interest in, the "proper governmental enforcement of §§ 1225 and 1226" in the process of immigration enforcement. *See id.* (internal citations omitted).

[8] To the extent petitioner seeks attorney's fees, *see* ECF No. 1 at ¶ 94d, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.

desire, his bond hearing must take place prior to his final merits hearing on his application for relief from removal.

Respondents are further ORDERED to file a status report within five (5) days of petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Court converts its previously issued Temporary Restraining Order (ECF No. 11) into a preliminary injunction: Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve this Court's jurisdiction, respondents SHALL NOT REMOVE petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

It is SO ORDERED.

Dated: October 31, 2025     BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Court Judge